IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD KEITH DAVIS,<br>Plaintiff,<br><br>v.<br><br>MAGISTRATE JUDGE DOROTHY<br>SHEAD, et al.,<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 3:12-CV-2604-G-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff filed a *pro se* civil rights *Complaint* under 42 U.S.C. § 1983. This Court granted his motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, this case should be dismissed as frivolous.

**I. BACKGROUND**

The *Complaint* and *Answers to the Magistrate Judge's Questionnaire* are difficult to decipher. Plaintiff sues Magistrate Judge Dorothy Shead and Officers Olugbode, Griffin, Ward, Jones, Creshed, and Gearld. (Doc. 3 at 1, 3). Although he used the form for filing civil rights action by prisoners, Plaintiff confirms that he is not incarcerated. (Doc. 7, Ans. 1).

**II. ANALYSIS**

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(b). That statute provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court may dismiss a complaint as frivolous when it is

based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Id.* at 33.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers). Even under this most liberal construction, his pleadings are frivolous.

Plaintiff's filings are nothing more than a confusing multitude of different events and accusations against the named Defendants. The complaint alleges:

> Application for writ of habeas corpus I don't known what when on I would at work so I got the case dismissed I didn't known about cash/sur - set forth each claim: no Art 22.12[435][489][487] proceedings not aside for defect of form Scire fasias direciting sureties to appear at next term of court and shown cause why forfeit of appearance bonds should be made final was sufficient and proper. Id - filed Mar. 8, 2012 9-25-2011 cases would clear 6-22-2012 - 2518121713 citation ticket totaling 4,659.60 not me and computer under case not me.

(Doc. 3 at 4). In the relief section, Plaintiff states "I liked my name and infromation [sic] back to me." *Id.*

In answer to the questionnaire, Plaintiff provides similar, unintelligible responses. When asked to identify the statutory or constitutional grounds on which he relies, Plaintiff states "fault of peason . . . doubled jeopary [sic] and faults . . . I.D. fault of name infromation [sic]." (Doc. 7, Ans. 3). When required to identify the relief sought, Plaintiff responds "9-25-2011 City tickets would cleared field affidavit to city court filed Marcy 8, 2012 about name and infromation [sic] and lot steel uncle name and information like went to give my birthday then cut me off so I am

asking for 30 million." (*Id.*, Ans. 4).

Plaintiff's explanation of what each defendant did or failed to do fares no better. Regarding Magistrate Shead, he states that on "August 14, 2008, came in City tickets two so original capias with Trn Burglary of Coin - Bond amount 1,000.00 Cash/sur - Faults and doubled Jeopardy and ID faults on name and infromation [sic]." (Doc. 7, Ans. 7). With respect to Officer Olugbode, Plaintiff asserts he "try [sic] to force me to give blood so 8-26-08 move me to 3P8M single cells." Lastly, he states that Officers Griffin, Ward, Jones, Creshed (or Chrenshaw), and Gearld issued an "order establishing simplified procedures for the United State [sic] of America to take money judgment by default" describe fantastic or delusional scenarios that are clearly irrational and incredible. (*Id.*, Ans. 7-13).

Even when liberally construed, Plaintiffs filings are factually frivolous. The complaint and answers to the questionnaire describe fantastic or delusional scenarios that are clearly irrational and incredible. Accordingly, this action should be dismissed as frivolous.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED** with prejudice as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

SIGNED October 23, 2012.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE